**Elroy X. LEWIS, Plaintiff,**

v.

**DISTRICT OF COLUMBIA BOARD OF PAROLE, et al., Defendants.**

**Civ. A. No. 89–2403.**

United States District Court, District of Columbia.

March 18, 1992.

Elroy X. Lewis, pro se.

Sherman Robinson, D.C. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

Pending before the court is the defendant's motion to dismiss the complaint in the above-captioned case. The *pro se* plaintiff is a former prisoner who has filed numerous complaints in this Court. In this complaint, plaintiff alleges that the District of Columbia Board of Parole and individual members of the Board maliciously deprived plaintiff of his constitutional rights. Specifically, the plaintiff alleges that the defendants falsely reported that plaintiff was using PCP and that he tested positive for the presence of PCP while on parole. The violation ultimately resulted in a revocation of the plaintiff's parole and a return of plaintiff to incarceration.[1]

1. Plaintiff has also filed a petition for habeas corpus in a related case, 88–3313, in which he asserts that his parole was wrongfully revoked by the District of Columbia Board of Parole.

## FACTS

In November 1967 plaintiff was convicted of first degree murder, robbery and other charges. He was sentenced in January 1968 to 20 years to life for these crimes. In 1986, while on parole, the plaintiff tested positive for PCP. He was ordered to appear before the Parole Board on October 6, 1986. At that time, plaintiff denied using PCP. The Parole Board indicated that although his parole could be revoked at that time, instead he would be placed on a 60 day probationary period. After the 60 day period, the Board ordered continued supervision.

On April 3, 1987 a warrant was issued charging that Mr. Lewis had two parole violations. Those violations were that on March 26, 1987 he was rearrested and charged with armed robbery and that he was in violation of the condition requiring that he remain drug free. On September 9, 1988 the Parole Board held a parole revocation hearing in Mr. Lewis' case on the two violations charged. At that time, the plaintiff denied both charges. The Parole Board declined to make any findings with . respect to the violation concerning plaintiff's rearrest, because that case had been dismissed. Mr. Lewis was given the opportunity to rebut the evidence that he had violated the condition that he remain drug free.[2] That charge was based upon the positive drug test returned August 6, 1986. After considering the plaintiff's arguments, the Board found that the drug test was positive for PCP and revoked Mr. Lewis' parole. Mr. Lewis subsequently filed a petition for habeas corpus as well as this complaint.

## ANALYSIS

 Revocation of parole falls within the liberty interests protected by the due process clause. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d · 484 (1972). Essentially, plaintiff asserts that the Board failed to follow its own guidelines when it revoked his parole

for the discovery of PCP in his system. Apparently, plaintiff is under the impression that the Board has an unwritten policy of not revoking parole for the first violation of the condition that the offender remain drug free.

The respondents assert that the Board was required to revoke the plaintiff's parole pursuant to D.C.M.R. 28–219.7:

> If the Board finds by a preponderance of the evidence that a parolee has violated a condition of his or her parole by the use ... of phencyclidine, or a phencyclidine immediate precursor (PCP), the Board shall revoke parole.

32 DCR 1518 (March 15, 1985).

Plaintiff alleges that the board acted arbitrarily and capriciously when it revoked his parole after initially deciding to place him on 60 day probationary periods and to continue supervision. However, the Court finds that the initial decision to continue supervision does not preclude a final decision to revoke parole. As long as the state has "reasonable grounds" for the decision to revoke, the plaintiff's challenge must fail. *Morrissey*, 408 U.S. at 490, 92 S.Ct. at 2604.

Even if the plaintiff could prove that there is an unwritten policy that gives the Board discretion not to revoke his parole, he has still not made out a due process claim.

> Although. equal protection principles require states to apply their laws rationally and nonarbitrarily ... a state does not violate an individual's federal constitutional right to procedural due process merely by deviating from its own established procedures.

*Brandon v. District of Columbia Board of Parole*, 823 F.2d 644, 648 (D.C.Cir.1987).

Additionally, the Court holds that the plaintiff has no constitutionally protected right to remain on parole after a finding that he has violated the terms of that parole. Accordingly, the petitioner cannot claim that he has suffered harm of a consti-

---

However, that petition was denied because Mr. Lewis is no longer incarcerated.

**2.** The Board noted that the plaintiff acted "erratic" at the hearing, using profanity and accusing the Board of conspiracy and racketeering.

tutional magnitude merely because the Board postponed a decision to revoke that the Board could have made several months earlier.

The petitioner was provided all the constitutionally required procedural safeguards, including notice, an opportunity to be heard, and a written statement setting forth the factual and legal basis for the revocation. *See Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). There are no well-founded allegations that the procedures used were in any way constitutionally defective. Accordingly, it is this 18th day of March, 1992 hereby

ORDERED that the defendants' motion to dismiss is GRANTED; and it is

FURTHER ORDERED that the above captioned case is hereby DISMISSED.